IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL LEE GORDON**                                                **PLAINTIFF**

**V.**                                **CIVIL ACTION NO.: 4:16CV3-SA-DAS**

**MARSHALL FISHER, ET AL.**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* complaint of Michael Lee Gordon, a federal prisoner who has brought suit under 42 U.S.C. § 1983, alleging that Defendants retaliated against him and interfered with his rights to due process and the free exercise of his religion. Upon review of the complaint and considering the applicable law, the Court finds that the plaintiff has failed to state a due process claim, and he has failed to state a claim against Delois Roy.[1]

### Factual Allegations

Gordon, a federal inmate, was housed at the Mississippi State Penitentiary at Parchman ("Parchman") at the time giving rise to the claims in this lawsuit.[2] Gordon, who is Jewish, claims that upon his arrival at Parchman on September 11, 2015, he began requesting Jewish religious materials and food mandated by the faith but was denied by various employees of the

---

[1] Because Gordon is a prisoner proceeding *in forma pauperis*, this Court is required to screen his complaint and dismiss portions of the complaint that are frivolous, malicious, that fail to state a claim upon which relief may be granted, or that seeks monetary relief against an immune defendant. 28 U.S.C. § 1915 (setting screening requirements for persons proceeding *in forma pauperis*); 28 U.S.C. § 1915A (establishing screening requirement for prisoner regardless of status).

[2] Gordon has since been transferred to a federal facility in Florida.

Mississippi Department of Corrections ("MDOC").

Additionally, Gordon claims that MDOC employee, Delois Roy, deliberately ignored his concerns at a disciplinary hearing held to determine whether he was guilty of a disciplinary infraction. He maintains that he was denied various due process rights, e.g., notice, the right to call witnesses, etc., by Roy. Despite these inadequacies, he maintains, he was found guilty of the disciplinary infraction, placed in long-term segregation, and lost all privileges for sixty days.

Finally, Gordon claims that MDOC case manager, Mosie Thompson, wrote a false Rule Violation Report ("RVR") against him on November 25, 2015, and that she fraudulently obtained two witness signatures. He maintains that Defendants took this action against him in retaliation for attempting to exercise his constitutional rights.

**Due Process**

Gordon asserts that his rights to due process were violated by the circumstances surrounding his disciplinary hearing(s). In addition to monetary compensation, he asks the Court to expunge the RVRs on his record and lift all sanctions against him.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest, which is generally an interest "limited to freedom from restraint. . . impos[ing] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484(1995).

The Fifth Circuit has held that such protected interests "are generally limited to ... regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997) (citation omitted). Neither

disciplinary confinement or the loss of privileges for sixty days are sanctions implicating the due process clause under *Sandin*. *See, e.g., Sandin*, 515 U.S. at 481-82 (holding that no liberty interest was implicated by placement in administrative segregation); *Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitute mere changes in the conditions of confinement and do not implicate due process concerns).

Moreover, as pronounced in *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based upon a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Heck*, 512 U.S. at 486-87). A prison disciplinary finding is a conviction for purposes of *Heck*. *Id*. Therefore, because Gordon's due process claims necessarily imply the invalidity of his disciplinary conviction, his § 1983 claim seeking expungement of his disciplinary conviction is not cognizable in this Court.

Accordingly, Gordon's due process claim will be dismissed for failure to state a claim upon which relief may be granted, and Defendant Delois Roy will be dismissed from this action.

### *Bivens*

Gordon asserts a *Bivens* claim against Defendants. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (providing means of redress for individuals alleging violation of constitutional rights by one acting under color of federal law). However, Gordon cannot bring a *Bivens* action against state actors. *Izen v. Catalina*, 398 F.3d

363, 367 n.3 (5th Cir. 2005).

## Conclusion

In sum, Gordon's *Bivens* claim and his claim for the denial of his due process rights are **DISMISSED** for failure to state a claim upon which relief may be granted. Delois Roy is **DISMISSED** as a defendant. The Court finds that Gordon's First Amendment and retaliation claims should proceed against the remaining defendants, and the Magistrate Judge should issue process against them. In light of this Memorandum Opinion and Order, the *Spears* hearing previously set in this case is **CANCELLED**.

**SO ORDERED**, this the 11th day of April, 2016.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**